**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEGAL EAGLE, LLC            *
1050 Connecticut Avenue, NW    *
Suite 5038                  *
Washington, DC  20036,       *
                          *
      Plaintiff,              *
                          *
      v.                     *      Civil Action No. 1:25-cv-02809
                          *
DEPARTMENT OF JUSTICE      *
950 Pennsylvania Avenue, NW    *
Washington, DC  20530,       *
                          *
      Defendant.           *
                          *

*   *   *   *   *   *   *   *   *   *   *   *   *

**COMPLAINT**

     Plaintiff Legal Eagle, LLC brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

     1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

     2.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

     3.     Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the District of Columbia. Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel

focused on legal issues—as well as one of the fastest growing educational channels in the world—with more than three million subscribers, fifteen million monthly views, and nearly one billion total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

5.      The Executive Office of United States Attorneys ("EOUSA") and Office of Information Policy ("OIP") are DOJ components.

## BACKGROUND

6.      On 16 June 2020, DOJ filed the lawsuit *United States v. Bolton*, No. 20-1580 (D.D.C.), against former National Security Advisor John Bolton ("Bolton") alleging that he breached his Non-Disclosure Agreements by allegedly publishing the book before the prepublication review process was complete.

7.      The parties litigated this case over the course of the following year, resulting in three judicial opinions. During the case, DOJ frequently alleged that Bolton had caused significant public harm by publishing the book and that it was of paramount importance to the public interest that he be held liable.

8.      In the third opinion, *United States v. Bolton*, 514 F. Supp. 3d 158 (D.D.C. 2021), Judge Lamberth held that Bolton could conduct discovery that he had previously been prevented from conducting.

9.      On the anniversary of the filing of the original complaint, the parties stipulated to the dismissal of the case on 16 June 2021 with no finding of liability and no monetary loss for Bolton.

10.     On 22 August 2025, the Federal Bureau of Investigation conducted a search of Bolton's home as part of an investigation related to the mishandling of classified information.

## CAUSE OF ACTION

## (EOUSA – RECORDS DENIAL – EOUSA-2021-002318)

11.     Legal Eagle repeats and realleges the allegations contained in all paragraphs set forth above.

12.     On 17 June 2021, Legal Eagle submitted to EOUSA a FOIA request for "any records shared with . . . Bolton (or his representative) during discovery" in the case discussed above.

13.     Legal Eagle requested a public interest fee waiver, citing to the extensive public interest in this highly publicized case.

14.     On 18 June 2021, EOUSA acknowledged receipt of this request and assigned it Req. No. EOUSA-2021-002318.

15.     On 6 July 2021, EOUSA refused to confirm or deny the existence or non-existence of responsive records ("*Glomar* response"), stating that any non-public records would "constitute an unwarranted invasion of personal privacy" and therefore be categorically exempt under FOIA Exemptions (b)(6) and (b)(7)(C) absent consent, proof of death, or an overriding public interest. EOUSA then stated that it was "not required to conduct a search for the requested records," which would be necessary to evaluate the public interest in the responsive records.

3

16.    On 12 July 2021, Legal Eagle submitted an appeal to OIP, stating, "Information exchanged in discovery with a private litigant is not *per se* exempt under either Exemption (b)(6) or (b)(7)(C) especially when much of the information would not pertain to that litigant directly. Moreover, to the extent that information would be exempt, a *Glomar* response would definitely not be appropriate since, as the request itself cited the lawsuit, the individual's association with law enforcement is not a secret. Lastly, EOUSA appears to have performed no balancing test for overriding public interest despite citing that alternative in its response letter, since the overriding public interest in the public release of these records provided *to* Mr. Bolton *by* the U.S. Government about prepublication review matters would overcome the slight privacy interest he *might* have in them."

17.    On 12 July 2021, OIP acknowledged receipt of this appeal and assigned it Appeal No. A-2021-02341.

18.    On 13 January 2022, OIP denied this appeal. OIP's denial letter did not contain any mention of the public interest in release of the records.

19.    Legal Eagle has exhausted all required administrative remedies.

20.    Legal Eagle has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Legal Eagle, LLC prays that this Court:

(1)    Order the Department of Justice to release all requested records to it;

(2)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)    Grant such other relief as the Court may deem just and proper.

Date:    August 22, 2025

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

/s/ Devin Stone
Devin Stone, Esq.
D.C. Bar #1022055
Eagle Team, LLP
1050 Connecticut Avenue, NW
Suite 5038
Washington, DC  20036
833-369-2473
240-681-2189 fax
Devin@EagleTeam.law

*Counsel for Plaintiff*