UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGLE EAGLE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Civil Action No. 25-2809 (TJK) |

### ANSWER TO FIRST AMENDED COMPLAINT

Defendant, the United States Department of Justice ("Department"), by undersigned counsel, respectfully submits this Answer to the First Amended Complaint filed by Legal Eagle LLC ("Plaintiff") on December 1, 2025. This case arises under the Freedom of Information Act ("FOIA"). Defendant expressly denies all allegations in the First Amended Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the First Amended Complaint in corresponding, numbered paragraphs as follows:

1

## JURISDICTION[1]

1. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over cases involving proper FOIA requests.

## VENUE

2. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA.

## PLAINTIFF

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remaining portion of this paragraph contains Plaintiff's characterization of this action, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant denies.

5. Defendant admits that the Civil Division ("DOJ Civil"), Executive Office for United States Attorneys ("EOUSA") and the Office of Information Policy ("OIP") are components of the Department of Justice.

## BACKGROUND

6. This paragraph consists of Plaintiff's characterization of a separate lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

---

[1] For ease of reference, Defendant replicates the headings contained in the First Amended Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7. This paragraph consists of Plaintiff's characterization of a separate lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

8. This paragraph consists of Plaintiff's characterization of a separate lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

9. This paragraph consists of Plaintiff's characterization of a separate lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

10. This paragraph consists of Plaintiff's characterization of a separate lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

## FIRST CAUSE OF ACTION

### (EOUSA – RECORDS DENIAL – EOUSA-2021-002318)

11. Defendant incorporates its responses to paragraphs 1-10 above as if set forth fully herein.

12. Defendant admits receiving, on or about June 18, 2025, Plaintiff's FOIA request. Defendant respectfully refers the Court to the referenced request, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

13. Defendant admits that Plaintiff requested a public interest fee waiver. Defendant respectfully refers the Court to the referenced request, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

14. Defendant admits that EOUSA sent the Plaintiff an acknowledgement letter on June 18, 2021, and assigned tracking number EOUSA-2021-002318. Defendant respectfully refers the Court to the referenced acknowledgment correspondence, which speaks for itself and is

3

the best evidence of its contents, and denies any allegation inconsistent with the correspondence's plain language, meaning, or context.

15. Defendant admits that EOUSA responded to the Plaintiff's FOIA request via email on July 6, 2021, with a categorical denial of records pursuant to FOIA Exemption (b)(6) and (b)(7)(C). Defendant respectfully refers the Court for a complete and accurate statement to the referenced FOIA response, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the response's plain language, meaning, or context. The remaining allegations in this paragraph constitute conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant denies

16. Defendant admits that Plaintiff sent an appeal to OIP on July 12, 2021. Defendant respectfully refers the Court to the referenced appeal request, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

17. Defendant admits that OIP sent the Plaintiff an acknowledgement letter on July 12, 2021, and assigned tracking number A-2021-02341.

18. Defendant admits that OIP sent the Plaintiff the denial response letter on January 13, 2022. Defendant respectfully refers the Court to the referenced acknowledgment correspondence, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the correspondence's plain language, meaning, or context.

19. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

20. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

## SECOND CAUSE OF ACTION

### (EOUSA – CONSTRUCTIVE EXPEDITED PROCESSING – EOUSA-2021-002318)

21. Defendant incorporates by reference all the preceding paragraphs of this Answer as if set forth fully and at length in this paragraph.

22. Defendant denies receiving a new FOIA request after the lawsuit was filed.

23. Defendant denies receiving a new FOIA request and therefore has not acknowledged the FOIA request.

24. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

25. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

## THIRD CAUSE OF ACTION

### (CIVIL – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN)

26. Defendant incorporates by reference all the preceding paragraphs of this Answer as if set forth fully and at length in this paragraph.

27. Defendant admits receiving, on or about June 18, 2021, Plaintiff's FOIA request. Defendant respectfully refers the Court to the referenced request, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

28. Defendant admits that Plaintiff requested a public interest fee waiver. Defendant respectfully refers the Court to the referenced request, which speaks for itself and is the best evidence of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

29. Defendant admits that DOJ Civil[2] (1) received an e-mail from counsel for Plaintiff on October 17, 2025 (during the lapse in appropriations) regarding a 2021 FOIA request; (2) responded to that e-mail on December 1, 2025 by indicating that the FOIA request "was inadvertently missed during intake" and that it would be "logged in and process[ed] as soon as possible"; and (3) transmitted an acknowledgement letter regarding the FOIA request to counsel for Plaintiff on December 8, 2025. Defendant respectfully refers the Court to the referenced emails and acknowledgement letter, which speak for themselves and are the best evidence of their contents, and denies any allegation inconsistent with the documents' plain language, meaning, or context.

30. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

31. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

## **PRAYER FOR RELIEF**

This paragraph contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **DEFENSES**

Defendant alleges the following additional defenses to the Complaint. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

---

[2] It appears that Plaintiff inadvertently referred to EOUSA in this paragraph. Because the preceding paragraph 27 refers to the submission of this FOIA request to DOJ Civil, Defendant's response to paragraph 29 pertains to DOJ Civil.

6

1.	Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

2.	Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

3.	Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

4.	Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision

5.	The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

6.	Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

7.	Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of litigation.

Dated: December 15, 2025                              Respectfully submitted,
       Washington, D.C.
                                                      JEANINE FERRIS PIRRO
                                                      United States Attorney

                                                      By:   /s/ Benjamin H. Zieman
                                                            Benjamin H. Zieman
                                                            Assistant United States Attorney
                                                            601 D Street N.W.
                                                            Washington, D.C. 20530
                                                            202-252-2540

                                                      *Attorneys for the United States of America*